FILED

April 28 2010

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 08-0569

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 91N

JOHNNY D. JOHNSON,

       Petitioner and Appellant,

   v.

STATE OF MONTANA,

       Respondent and Appellee.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. BDV-07-222
Honorable Jeffrey M. Sherlock, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Johnny D. Johnson, self represented, Deer Lodge, Montana

      For Appellee:

          Hon. Steve Bullock, Montana Attorney General; C. Mark Fowler, Assistant
Attorney General, Helena, Montana

          Leo J. Gallagher, Lewis and Clark County Attorney; Mike Menahan, Deputy
County Attorney, Helena, Montana

Submitted on Briefs:  April 14, 2010

Decided:  April 28, 2010

Filed:

_____
Clerk

Michael E Wheat delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Johnny D. Johnson (Johnson) appeals from the order entered by the First Judicial District Court, Lewis and Clark County, denying his motions for post-conviction relief and summary judgment. We affirm.

¶3     The issue on appeal is whether the District Court erred in denying Johnson's motion for post-conviction relief.

¶4     Johnson was convicted in 2003 of attempted deliberate homicide, criminal possession of dangerous drugs, threats and other improper influence in official and political matters, and criminal endangerment. Johnson's convictions stem from a multiple-hour standoff, during which several law enforcement officers were injured. The District Court sentenced Johnson to Montana State Prison for several life terms and other lesser sentences. We affirmed his convictions in *State v. Johnson*, 2005 MT 318, 329 Mont. 497, 125 P.3d 1096.

¶5     Johnson filed a petition for post-conviction relief on March 20, 2007. Johnson raised various claims, including prosecutorial misconduct, newly discovered evidence, due process violations, and ineffective assistance of counsel. Johnson's counsel submitted an affidavit in response. The District Court denied Johnson's petition on March 5, 2008. Johnson appeals.

¶6    This Court reviews a district court's denial of a petition for post-conviction relief to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Hamilton v. State*, 2010 MT 25, ¶ 7, 355 Mont. 133, 226 P.3d 588. A petition requesting post-conviction relief must show, by a preponderance of the evidence, that the facts justify the relief. *Heath v. State*, 2009 MT 7, ¶ 16, 348 Mont. 361, 202 P.3d 118. "Mere conclusory allegations are insufficient to support the petition." *Beach v. State*, 2009 MT 398, ¶ 16, 353 Mont. 411, 220 P.3d 667.

¶7    The District Court concluded that all of Johnson's claims except his ineffective assistance of counsel claim were barred. The court determined that "[t]hose charges are barred because Johnson did not raise those arguments in his appeal to the Montana Supreme Court." The District Court further concluded that even if Johnson's claims were not barred, "Johnson has provided no affidavits to the Court upon which it could determine that the outcome of the trial would have changed." Lastly, the court stated that "[b]ased on the overwhelming facts against him, this Court believes that none of the unverified deficiencies alleged by Johnson or the alleged statements of County Attorney Gallagher would have changed the outcome of the jury verdict and subsequent appeal."

¶8    We agree. We will not address Johnson's claims of prosecutorial misconduct, newly discovered evidence, and due process violations. The District Court did not err in denying Johnson's motion for post-conviction relief with respect to these claims.

¶9    This Court applies the two-prong test from *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984), in assessing claims of inadequate assistance of counsel. *See e.g.*

3

*Dawson v. State,* 2000 MT 219, ¶ 20, 301 Mont. 135, 10 P.3d 49. The defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense and deprived the defendant of a fair trial. *See e.g. State v. Hendricks*, 2003 MT 223, ¶ 6, 317 Mont. 177, 75 P.3d 1268.

¶10 The District Court concluded that, even if Johnson's unverified, general allegations were true, they would not have changed the outcome of this case. Essentially, the District Court determined that Johnson could not show that he had suffered prejudice in order to prevail on his claim for ineffective assistance of counsel. The court further concluded that Johnson had satisfied neither prong of the two-prong test from *Strickland*.

¶11 We agree with the District Court. After a careful review of the record before us, we conclude that Johnson cannot satisfy the *Strickland* test in light of the "overwhelming factual scenario" involving his multiple-hour standoff with law enforcement officers, during which several law enforcement officers were injured. The District Court did not err when it denied Johnson's petition for post-conviction relief on this basis.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit. The legal issues are clearly controlled by settled Montana law, which the District Court correctly interpreted.

¶13 Affirmed.

/S/ MICHAEL E WHEAT

4

We Concur:

/S/ W. WILLIAM LEAPHART
/S/ PATRICIA O. COTTER
/S/ BRIAN MORRIS

Justice James C. Nelson, specially concurring.

¶14 I concur in the Court's decision, although I do so under a different rationale with respect to Johnson's claim of ineffective assistance of counsel. In order to overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, a convicted defendant making a claim of ineffective assistance must demonstrate that "counsel's conduct fell below an objective standard of reasonableness measured under prevailing professional norms and in light of the surrounding circumstances." *Whitlow v. State*, 2008 MT 140, ¶¶ 16, 20-21, 343 Mont. 90, 183 P.3d 861. Here, Johnson did not offer any evidence of prevailing professional norms as applied to his counsel's performance, much less demonstrate how his counsel's conduct fell below an objective standard of reasonableness measured under those norms and in light of the surrounding circumstances. *See Whitlow*, ¶¶ 32-33, 36-40.

¶15 I specially concur.

/S/ JAMES C. NELSON

5